KILPATRICK TOWNSEND & STOCKTON LLP
GREGORY S. GILCHRIST (State Bar No. 111536)
RYAN T. BRICKER (State Bar No. 269100)
GIA L. CINCONE (State Bar No. 141668)
Two Embarcadero Center, Suite 1900
San Francisco, California  94111
Telephone:  (415) 576-0200
Facsimile:   (415) 576-0300
Email:       ggilchrist@kilpatricktownsend.com
             rbricker@kilpatricktownsend.com
             gcincone@kilpatricktownsend.com

Attorneys for Plaintiff
LEVI STRAUSS & CO.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI STRAUSS & CO.,<br>a Delaware corporation,<br><br>                    Plaintiff,<br><br>    v.<br><br>JADED LONDON LTD.,<br>a United Kingdom company,<br><br>                    Defendant. | Case No. 3:19-cv-05366<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND DILUTION (INJUNCTIVE RELIEF SOUGHT)**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Levi Strauss & Co. ("LS&Co."), complains against Defendant Jaded London Ltd. ("Jaded London") as follows:

**JURISDICTION, VENUE AND INTRA-DISTRICT ASSIGNMENT**

1.      Plaintiff LS&Co.'s first, second, and third claims arise under the Trademark Act of 1946 (the Lanham Act), as amended by the Trademark Dilution Revision Act of 2006 (15 U.S.C. §§ 1051, *et seq.*).  This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1121 (Lanham Act).  This Court has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367.

2.     LS&Co. is informed and believes that venue is proper in this Court under 28 U.S.C. § 1391(b) because Jaded London transacts affairs in this district and because a substantial part of the events giving rise to the claims asserted arose in this district.

3.     Intra-district assignment to any division of the Northern District is proper under Local Rule 3-2(c) and the Assignment Plan of this Court as an "Intellectual Property Action."

**PARTIES**

4.     LS&Co. is a Delaware corporation with its principal place of business at Levi's Plaza, 1155 Battery Street, San Francisco, California 94111.  Operating since approximately the 1850s, LS&Co. is one of the oldest and best known apparel companies in the world.  It manufactures, markets, and sells a variety of apparel, including its traditional LEVI'S® brand products.

5.     LS&Co. is informed and believes that defendant Jaded London Ltd. is a United Kingdom company headquartered at Unit 4, Capital Business Park, Manor Way, Borehamwood, Hertfordshire WD6 1GW, United Kingdom.

6.     LS&Co. is informed and believes that Jaded London manufactures, distributes and/or sells, or has manufactured, distributed and/or sold, garments, including jeans and shorts under the brand name JADED LONDON which are offered for sale and sold throughout the United States, including in this judicial district.  LS&Co. is further informed and believes that Jaded London has authorized, directed, and/or actively participated in the wrongful conduct alleged herein.

**FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS**

**LS&Co.'s Tab Trademark**

7.     LS&Co. marks its LEVI'S® brand products with a set of trademarks that are famous around the world.  For many years prior to the events giving rise to this Complaint and continuing to the present, LS&Co. annually has spent great amounts of time, money, and effort advertising and promoting the products on which its trademarks are used and has sold many millions of these products all over the world, including throughout the United States and in California.  Through these investments and large sales, LS&Co. has created considerable goodwill and a reputation for quality products.  LS&Co. continuously has used these trademarks, some for well over a century, to distinguish its products.

8.    Most of LS&Co.'s trademarks are federally registered; all are in full force and effect, valid and protectable, and exclusively owned by LS&Co.  LS&Co. continuously has used each of its trademarks, from the registration date or earlier, until the present and during all time periods relevant to LS&Co.'s claims.

9.    Among its marks, LS&Co. owns the famous Tab Device Trademark (the "Tab trademark"), which consists of a textile marker or other material sewn into one of the regular structural seams of the garment.  LS&Co. uses the Tab trademark on LEVI'S® jeans and pants, and a variety of other clothing products.

10.    LS&Co. began to display the Tab trademark on the rear pocket of its pants in 1936 when its then National Sales Manager, Leo Christopher Lucier, proposed placing a folded cloth ribbon in the structural seams of the rear pocket.  The purpose of this "tab" was to provide "sight identification" of LS&Co.'s products.  Given the distinctiveness of the Tab trademark, Mr. Lucier asserted that "no other maker of overalls can have any other purpose in putting a colored tab on an outside patch pocket, unless for the express and sole purpose of copying our mark, and confusing the customer."

11.    LS&Co. owns, among others, the following United States Registrations for its Tab trademark, attached as Exhibit A.  These registrations have become incontestable under the provisions of 15 U.S.C. § 1065.

    a.    Registration No. 516,561 (first used as early as September 1, 1936; registered October 18, 1949);

    b.    Registration No. 1,157,769 (first used as early as September 1, 1936; registered June 16, 1981);

    c.    Registration No. 2,791,156 (first used as early as September 1, 1936; registered December 9, 2003);

    d.    Registration No. 356,701 (first used as early as September 1, 1936; registered May 10, 1938);

    e.    Registration No. 577,490 (first used as early as September 1, 1936; registered July 21, 1953);

/ / /

f.    Registration No. 774,625 (first used as early as May 22, 1963; registered August 4, 1964);

g.    Registration No. 775,412 (first used as early as October 9, 1957; registered August 18, 1964);

h.    U.S. Registration No. 2,726,253 (first used as early as March 7, 1969; registered June 17, 2003); and

i.    California Registration No. 052312 (first used as early as March 7, 1969; registered June 12, 1974).

12.    The Tab trademark is valid and protectable, and exclusively owned by LS&Co. The Tab trademark is famous and recognized around the world and throughout the United States by consumers as signifying authentic, high quality LEVI'S® jeans and pants. The Tab trademark became famous prior to Jaded London's conduct that is the subject of this Complaint.

13.    Examples of LS&Co.'s use of its Tab trademark on LEVI'S® jeans and shorts are attached as Exhibit B.

**Jaded London's Infringement of LS&Co.'s Trademarks**

14.    Beginning at some time in the past and continuing until the present, Jaded London has manufactured, promoted, and sold garments that infringe and dilute LS&Co.'s trademarks.

15.    In particular, LS&Co. is informed and believes that Jaded London has manufactured, sourced, imported, exported, licensed, marketed, and/or sold substantial quantities of bottoms, including jeans and shorts, bearing pocket tab devices that are highly similar to LS&Co.'s Tab trademark (hereinafter "Jaded London Tab") and are likely to confuse consumers about the source of Jaded London's products and/or a relationship between Jaded London and LS&Co. LS&Co. is also informed and believes that Jaded London uses the Jaded London Tab as a source identifier and/or mark, constituting an intent to acquire ill-gotten goodwill and/or rights in the Jaded London Tab, and increasing the damage caused to LS&Co.'s famous trademark. Images of some of Jaded London's products bearing the Jaded London Tab are attached to this Complaint as Exhibit C.

/ / /

/ / /

16.     LS&Co. is informed and believes that Jaded London has manufactured, sourced, imported, exported, licensed, marketed, and/or sold substantial quantities of products bearing the Jaded London Tab, and has obtained and continues to obtain substantial profits from these sales.

17.     Jaded London's actions have caused and will cause LS&Co. irreparable harm for which money damages and other remedies are inadequate.  Unless Jaded London is restrained by this Court, it will continue and/or expand its illegal activities and otherwise continue to cause great and irreparable damage and injury to LS&Co. by, among other things:

    a.     Depriving LS&Co. of its statutory rights to use and control use of its trademarks;

    b.     Creating a likelihood of confusion, mistake, and deception among consumers and the trade as to the source of the infringing products;

    c.     Causing the public falsely to associate LS&Co. with Jaded London and/or its products, or vice versa;

    d.     Causing incalculable and irreparable damage to LS&Co.'s goodwill and diluting the capacity of its Tab  trademark to differentiate LEVI'S® products from others; and

    e.     Causing LS&Co. to lose sales of its genuine clothing products.

18.     Accordingly, in addition to other relief sought, LS&Co. is entitled to injunctive relief against Jaded London, its affiliates, licensees, subsidiaries, and all persons acting in concert with it.

**FIRST CLAIM**
**FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. §§ 1114-1117; Lanham Act § 32)**

19.     LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 18 of this Complaint.

20.     Without LS&Co.'s consent, Jaded London has used, in connection with the sale, offering for sale, distribution, or advertising of its products, designs that infringe upon LS&Co.'s registered Tab trademarks.

21.     These acts of trademark infringement have been committed with the intent to cause confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114.

22.    As a direct and proximate result of Jaded London's infringing activities, LS&Co. is entitled to recover Jaded London's unlawful profits and LS&Co.'s substantial damages under 15 U.S.C. 1117(a).

23.    Jaded London's infringement of LS&Co.'s Tab trademark is an exceptional case and was intentional, entitling LS&Co. to treble the amount of its damages and Jaded London's profits, and to an award of attorneys' fees under 15 U.S.C. §§ 1117(a).

24.    LS&Co. is entitled to injunctive relief pursuant to 15 U.S.C. 1116(a).

**SECOND CLAIM**
**FEDERAL UNFAIR COMPETITION**
**(False Designation of Origin and False Description)**
**(15 U.S.C. § 1125(a); Lanham Act § 43(a))**

25.    LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 24 of this Complaint.

26.    Jaded London's use of the Jaded London Tab tends falsely to describe its products within the meaning of 15 U.S.C. § 1125(a)(1).  Jaded London's conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship, or approval of Jaded London's products to the detriment of LS&Co. and in violation of 15 U.S.C. § 1125(a)(1).

27.    As a direct and proximate result of Jaded London's infringing activities, LS&Co. is entitled to recover Jaded London's unlawful profits and LS&Co.'s substantial damages under 15 U.S.C. § 1117(a).

28.    Jaded London's infringement of LS&Co.'s Tab trademark is an exceptional case and was intentional, entitling LS&Co. to treble the amount of its damages and Jaded London's profits, and to an award of attorneys' fees under 15 U.S.C. § 1117(a).

29.    LS&Co. is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

/ / /

/ / /

/ / /

/ / /

**THIRD CLAIM**
**FEDERAL DILUTION OF FAMOUS MARKS**
**(Trademark Dilution Revision Act of 2006)**
**(15 U.S.C. § 1125(c); Lanham Act § 43(c))**

30.     LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 29 of this Complaint.

31.     LS&Co.'s Tab trademark is distinctive and famous within the meaning of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c), and was distinctive and famous prior to Jaded London's conduct as alleged in this Complaint.

32.     Jaded London's conduct is likely to cause dilution of LS&Co.'s Tab trademark by diminishing its distinctiveness in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

33.     LS&Co. is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116(a) and 1125(c).

**FOURTH CLAIM**
**CALIFORNIA TRADEMARK INFRINGEMENT AND DILUTION**
**(Cal. Bus. & Prof. Code §§ 14200 *et seq.*; Cal. Bus. & Prof. Code § 14247)**

34.     LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 33 of this Complaint.

35.     LS&Co. owns registered and common law rights in its Tab trademark.

36.     Jaded London is using the Jaded London Tab, a mark that is identical or nearly identical to the Tab trademark, without the consent of LS&Co. in connection with goods that are identical to LS&Co.'s.

37.     LS&Co.'s Tab trademark became famous long before Jaded London began using the Jaded London Tab.

38.     Jaded London's infringement of LS&Co.'s Tab trademark is likely to cause consumer confusion and dilution of LS&Co.'s marks in violation of California Business & Professions Code §§ 14200 *et seq.*, and California Business & Professions Code § 14247.

39.     Jaded London's infringed and diluted LS&Co.'s Tab trademark with knowledge and intent to cause confusion, mistake, or deception.

/ / /

40.    Jaded London's conduct is aggravated by that kind of willfulness, wantonness, malice, and conscious indifference to the rights and welfare of LS&Co. for which California law allows the imposition of exemplary damages.

41.    Pursuant to California Business & Professions Code §§ 14247 and 14250, LS&Co. is entitled to injunctive relief and damages in the amount of three times Jaded London's profits and three times all damages suffered by LS&Co. by reason of Jaded London's manufacture, use, display, or sale of infringing goods.

**FIFTH CLAIM**
**CALIFORNIA UNFAIR COMPETITION**
**(Cal. Bus. & Prof. Code § 17200)**

42.    LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 41 of this Complaint.

43.    Jaded London's conduct as alleged in this Complaint constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code Section 17200.

44.    As a consequence of Jaded London's actions, LS&Co. is entitled to injunctive relief preventing the conduct alleged in this Complaint.

**PRAYER FOR JUDGMENT**

WHEREFORE, LS&Co. prays that this Court grant it the following relief:

1.    Adjudge that LS&Co.'s Tab trademark has been infringed by Jaded London in violation of LS&Co.'s rights under common law, 15 U.S.C. § 1114, and/or California law;

2.    Adjudge that Jaded London has competed unfairly with LS&Co. in violation of LS&Co.'s rights under common law, 15 U.S.C. § 1125(a), and/or California law;

3.    Adjudge that Jaded London's activities are likely to dilute LS&Co.'s famous Tab trademark in violation of LS&Co.'s rights under common law, 15 U.S.C. § 1125©, and/or California law;

4.    Adjudge that Jaded London and its agents, employees, attorneys, successors, assigns, affiliates, and joint venturers and any person(s) in active concert or participation with it, and/or any

/ / /

1  person(s) acting for, with, by, through or under it, be enjoined and restrained at first during the

2  pendency of this action and thereafter permanently from:

3          a.    Manufacturing, producing, sourcing, importing, exporting, selling,

4                offering for sale, distributing, licensing, advertising, or promoting

5                any goods that display any words, symbols or designs that so resemble

6                LS&Co.'s Tab trademark as to be likely to cause confusion, mistake or

7                deception, on or in connection with any product that is not authorized by

8                or for LS&Co., including without limitation any product that bears the

9                Jaded London Tab which is the subject of this Complaint and for which

10               Jaded London is responsible, or any other approximation of LS&Co.'s

11               trademarks;

12         b.    Using any word, term, name, symbol, device, or combination thereof

13               that causes or is likely to cause confusion, mistake, or deception as to

14               the affiliation or association of Jaded London or its products with

15               LS&Co. or as to the origin of Jaded London's goods, or any false

16               designation of origin, false or misleading description or representation

17               of fact, or any false or misleading advertising;

18         c.    Claiming trademark rights in the Jaded London Tab or any other word,

19               symbol, or design that is similar to the Tab trademark, including by

20               applying now or in the future for federal registration of trademarks for

21               the Jaded London Tab or any other word, symbol, or design that is

22               similar to the Tab trademark;

23         d.    Further infringing the rights of LS&Co. in and to any of its trademarks

24               in its LEVI'S® brand products or otherwise damaging LS&Co.'s good-

25               will or business reputation;

26         e.    Further diluting the Tab trademark;

27         f.    Otherwise competing unfairly with LS&Co. in any manner; and

28  / / /

1    g.    Continuing to perform in any manner whatsoever any of the other acts

2    complained of in this Complaint;

3    5.    Adjudge that Jaded London be required immediately to supply LS&Co.'s counsel with

4    a complete list of individuals and entities from whom or which it purchased, and to whom or which it

5    sold, offered for sale, distributed, advertised or promoted, infringing products as alleged in this

6    Complaint;

7    6.    Adjudge that Jaded London be required immediately to deliver to LS&Co.'s counsel

8    its entire inventory of infringing products, including without limitation pants, shirts, and any other

9    clothing, packaging, labeling, advertising and promotional material, and all plates, patterns, molds,

10    matrices and other material for producing or printing such items, that are in its possession or subject

11    to its control and that infringe LS&Co.'s trademarks as alleged in this Complaint;

12    7.    Adjudge that Jaded London, within thirty (30) days after service of the judgment

13    demanded herein, be required to file with this Court and serve upon LS&Co.'s counsel a written report

14    under oath setting forth in detail the manner in which it has complied with the judgment;

15    8.    Adjudge that LS&Co. recover from Jaded London its damages and lost profits, and

16    Jaded London's profits, in an amount to be proven at trial, as well as punitive damages under

17    California law;

18    9.    Adjudge that Jaded London be required to account for any profits that are attributable

19    to its illegal acts, and that LS&Co. be awarded (1) Jaded London's profits and (2) all damages

20    sustained by LS&Co., under 15 U.S.C. § 1117, plus prejudgment interest;

21    10.    Adjudge that the amounts awarded to LS&Co. pursuant to 15 U.S.C. § 1117 shall be

22    trebled;

23    11.    Order an accounting of and impose a constructive trust on all of Jaded London's funds

24    and assets that arise out of its infringing activities;

25    12.    Adjudge that LS&Co. be awarded its costs and disbursements incurred in connection

26    with this action, including LS&Co.'s reasonable attorneys' fees and investigative expenses; and

27    / / /

28    / / /

1         13.    Adjudge that all such other relief be awarded to LS&Co. as this Court deems just and

2    proper.

3

4    Dated:  August 27, 2019                Respectfully submitted,

5                                       KILPATRICK TOWNSEND & STOCKTON LLP

6

7                                       By:_____*/s/ Ryan T. Bricker*_____

8                                              Ryan T. Bricker

9                                     Attorneys for Plaintiff
                                 LEVI STRAUSS & CO.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEMAND FOR JURY TRIAL

2     Levi Strauss & Co. demands that this action be tried to a jury.

3

4  Dated:  August 27, 2019                    Respectfully submitted,

5                                              KILPATRICK TOWNSEND & STOCKTON LLP

6

7                                              By:_____/s/ *Ryan T. Bricker*_____
                                                            Ryan T. Bricker
8
                                               Attorneys for Plaintiff
9                                              LEVI STRAUSS & CO.

10

11

12

13  72167636V.1 | 1135337

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28